**LOCKS LAW FIRM**                          **Attorneys for Plaintiff**
**By: Nicholas C. Sarelakos, Esquire**
**Identification No.: 312905**
**By: Michael B. Leh, Esquire**
**Identification No.: 42962**
**The Curtis Center**
**601 Walnut Street, Suite 720 East**
**Philadelphia, PA 19106**
**T (215) 893-3426**
**F (215) 893-3444**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH LANUTO** | **Civil Action No.** |
| 102 Sherman Avenue | |
| Bayville, NJ 08721 | |
| **Plaintiff,** | |
| | |
| **v.** | |
| | |
| | **COMPLAINT** |
| **EASTERN LIFT TRUCK** | **JURY TRIAL DEMANDED** |
| **COMPANY, INC.** | |
| 549 East Linwood Avenue | |
| Maple Shade, NJ 08052 | |
| | |
| **HYSTER YALE MATERIALS** | |
| **HANDLING, INC.** | |
| 5875 Landerbrook Drive | |
| Cleveland, OH 44124 | |
| | |
| **ALEXANDRIA NE, LLC,** | |
| **D/B/A ALEXANDRIA MOULDING** | |
| 300 Lasley Avenue | |
| Hanover Township, PA 18706 | |
| | |
| **JOHN and/or JANE DOES, "1" through "20",** | |
| | |
| **ABC Corporations, "1" through "20",** | |
| | |
| **Defendants.** | |

Plaintiff Joseph Lanuto, by and through his undersigned counsel, and for his Complaint against Defendant Eastern Lift Truck Company, Inc. ("ELTC"), and Defendant Hyster Yale Materials Handling, Inc. ("Hyster"), and Defendant US Lumber Group, Inc., D/B/A Alexandria Moulding ("Alexandria"), and Defendant John and/or Jane Does, 1-20 (fictitious defendants 1-20), and ABC Corporations 1-20 (fictitious defendants 1-20), (collectively referred to as the "Defendants") respectfully allege as follows:

## THE PARTIES

1.     Plaintiff Joseph Lanuto resides at 102 Sherman Avenue, in the city of Bayville, County of Ocean and State of New Jersey 08721.

2.     Defendant ELTC is a corporation organized and existing under and by virtue of the laws of the State of New Jersey with its principle place of business located at 549 East Linwood Avenue, in the township of Maple Shade, County of Burlington and State of New Jersey 08052, and which at all times relevant hereto conducted extensive business in New Jersey and engaged in the introduction of products into the stream of commerce in New Jersey. Defendant ELTC manufactured, designed, formulated, processed, marketed, promoted, supplied, distributed and sold forklifts, including the forklift at issue.

3.     Defendant Hyster is a corporation organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business located at 5875 Landerbrook Drive, in the city of Cleveland, County of Cuyahoga and State of Ohio 44124, and which at all times relevant hereto conducted extensive business in New Jersey and engaged in the introduction of products into the stream of commerce in New Jersey. Defendant Hyster manufactured, designed, formulated, processed, marketed, promoted, supplied, distributed and sold forklifts, including the forklift at issue.

2

4.      Defendant Alexandria is a corporation organized and existing under and by virtue the laws of the Commonwealth of Pennsylvania with its principal place of business located at 300 Lasley Avenue, in the township of Hanover, County of Lehigh and Commonwealth of Pennsylvania 18706, and which at all times relevant hereto conducted extensive business in Pennsylvania and engaged in the introduction of products into the stream of commerce in Pennsylvania.

5.      Defendants "John Does 1-20," these names being fictitious, are individuals whose identities cannot be ascertained as of the filing of this Complaint, certain of whom are partners, officers, directors, employees, agents, consultants, or otherwise related to any other named defendants who were jointly or severally involved in, aided, assisted or directed the tortious activities, actions or failures to act that are set forth herein.

6.      Defendants "ABC Corporations 1-20," these names being fictitious, are entities, corporate or otherwise, with identities that cannot be ascertained as of the filing of this Complaint, certain of which are corporate successors to, predecessors of, or are otherwise related to Defendant(s), who were jointly or severally involved in, aided, assisted or directed the tortious activities, actions or failures to act that are set forth herein.

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs and there is complete diversity of citizenship between Plaintiff and the named Defendant.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because this district is where a substantial part of the events giving rise to this cause of action occurred.

9.

## **GENERAL ALLEGATIONS**

10.     Plaintiff repeats and re-alleges each and every allegation contained in the Jurisdiction and Venue of this Complaint and incorporates same by reference, as more fully set forth at length herein.

11.     Defendant ELTC is a private corporation engaged in the distribution of forklifts designed for materials handling.

12.     On or about September 3, 2020, Plaintiff was operating an industrial forklift manufactured by Hyster Model No. N45ZR2-16.5, which eventually came into the possession of Defendant, ELTC.

13.     At all times relevant herein, the Hyster forklift was in substantially the same condition as when it left the control of Hyster.

14.     Hyster placed the forklift into the stream of commerce as part of their regular business activity in the State of Pennsylvania.

15.     The design, manufacture, and/or modification, sale, and distribution of the Hyster forklift made it defective and not reasonably safe in one or more of the following respects:

a.   The Hyster N45ZR2-16.5 forklift was designed, manufactured and sold with a defective braking mechanism, allowing the forklift to roll causing Plaintiff's foot to be crushed against a guardrail.

b.   The Hyster N45ZR2-16.5 was designed, manufactured and sold with a defective brake pedal because it allowed the operator's foot to easily slide off the pedal thereby disengaging the emergency brake, causing the forklift to roll out more than it was designed to do.

4

c.  There were inadequate warnings on the forklift to warn users of the dangers associated with the use of the forklift and there were no warnings on the forklift to warn users of the rolling and drifting hazard associated with the use of the forklift.

16.  Specifically, Defendant Hyster did not fabricate a safety mechanism for the Hyster N45ZR2-16.5 to prevent the operator's foot from slipping off of the foot pedal. The vehicle is designed for 3 to 5 feet of coasting once the operator's foot has left the pedal.

17.  Defendant ELTC did <u>not</u> warn consumers of the potential for catastrophic injury if their foot slid off the pedal and the vehicle continued to coast.

18.  Plaintiff was a permitted, certified user of the aforesaid Hyster N45ZR2-16.5 forklift, when the vehicle, which was sold with a defective braking mechanism, continued to coast after Plaintiff's foot came off of the pedal. The Hyster N45ZR2-16.5 then trapped Plaintiff's foot against a guardrail and incurred severe and catastrophic injuries.

## COUNT ONE

**(Strict Liability – ELTC and Hyster)**

19.  Plaintiff repeats and realleges each and every allegation contained in the Jurisdiction and Venue and General Allegations of this Complaint and incorporates same by reference, as though more fully set forth at length herein.

20.  Defendant ELTC, through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, is strictly liable to Plaintiff for his injuries.

21.     Defendant Hyster, through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, is strictly liable to Plaintiff for his injuries.

22.     Defendants ELTC and Hyster, through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, was and is under a duty to supply a product that is reasonably fit, suitable or safe for its intended use, such that it is not unreasonably dangerous and such that it does not cause injury to a reasonably foreseeable user.

23.     Defendants ELTC and Hyster, through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, failed to meet the obligation of supplying a product that is reasonably fit, suitable or safe for its intended purpose and which is not unreasonably dangerous, in that it has placed a defective forklift and its component parts into the stream of commerce when said products and their component parts had been defectively designed, manufactured, assembled, installed, researched, developed, inspected, refurbished, repaired, tested and failed to contain adequate warnings, labels or instructions.

24.     Plaintiff alleges that at all times, the aforesaid Hyster N45ZR2-16.5 was defectively designed and manufactured when it left Defendant Hyster's control, and the product was not substantially altered prior to reaching the ultimate user.

25.     The defective conditions of the Hyster N45ZR2-16.5 existed both when the forklift left its point of manufacture, at the time ELTC made it available for use, and at the time Plaintiff operated it.

26.     Neither Plaintiff nor anyone else modified the forklift from its originally manufactured condition.

27.     As evidenced by the lack of warnings provided by the manufacturer, the forklift is inherently dangerous.  A product user could not comply with all of the warnings which accompany the Ranger and efficiently operate it.

28.     Moreover, the drift hazard associated with the use of the Hyster N45ZR2-16.5 and its defective brake pedal was unknowable and unacceptable to the average consumer and, specifically, to Plaintiff.

29.     In addition, because of the risk of harm to human life and safety presented by the use of the Hyster N45ZR2-16.5 outweighed the utility of the particular design employed by Hyster, the forklift was defective in its design at the time Plaintiff was injured on September 3, 2020.

30.     Defendants ELTC and Hyster are strictly liable to Plaintiff on account of its defective design and manufacture of the Hyster N45ZR2-16.5 as well as its failure to adequately warn consumers of the dangers associated with the use of the Hyster N45ZR2-16.5 forklift.

31.     As a direct and proximate result of the conduct of Defendants ELTC and Hyster, through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, as aforesaid, the Plaintiff was caused to sustain severe and permanent physical, emotional and psychological injury.

**WHEREFORE,** Plaintiff hereby demands judgment in his favor against Defendants, its parent company, subsidiaries, successors in interest, principals, agents, representatives and/or employees, for damages, together with interest, costs of suit, attorneys' fees and such other relief as the Court may deem just and equitable.

## COUNT TWO
### (Negligence)

32.     Plaintiff repeats and realleges each and every allegation contained in the Jurisdiction and Venue, General Allegations and Count One of this Complaint and incorporates same by reference, as though more fully set forth at length herein.

33.     At all times pertinent hereto, Defendants, through its parent company, subsidiaries, successors in interest, principals, agents, representatives and/or employees, had a duty to exercise reasonable care to properly design, manufacture, research, develop, assemble, install, test, inspect, refurbish, repair, label and prepare for sale and use the Hyster N45ZR2-16.5 on or which is the subject of this litigation, which was introduced into the stream of commerce, including a duty to ensure that the Hyster N45ZR2-16.5 vehicle and its component parts would function properly and safely.

34.     At all times pertinent hereto, Defendants, through its parent company, subsidiaries, successors in interest, principals, agents, representatives and/or employees, failed to exercise ordinary care in the design, manufacture, research, development, assembly, installation, refurbishing, repair, sale, testing, quality assurance, quality control and/or distribution of the subject Hyster N45ZR2-16.5 vehicle prior to its introduction into interstate commerce, in that Defendants, knew, or should have known, that the product and its component parts were defective and posed an unreasonable and foreseeable risk of danger to the ultimate user of the forklift.

35.     At all times pertinent hereto, Defendants, through its parent company, subsidiaries, successors in interest, principals, agents, representatives and/or employees, knew, or in the exercise of reasonable care, should have known, that the aforesaid Hyster N45ZR2-16.5 forklift and its component parts were of such a nature that, if not properly designed,

8

manufactured, assembled, installed, researched, developed, labeled, tested, refurbished, repaired and inspected before distribution and sale, an unreasonable risk of injury to the product's user was a foreseeable likelihood.

36.    At all times pertinent hereto, Defendants, through its parent company, subsidiaries, successors in interest, principals, agents, representatives and/or employees, were negligent in the design, manufacture, assembly, installation, research, development, testing, promotion, advertising, warning, labeling, refurbishing, repair, inspection, marketing rental, lease and/or sale of the aforesaid product so as to prevent the aforementioned unreasonable and foreseeable risk of injury to the user of the product.

37.    Defendants, through its parent company, subsidiaries, successors in interest, principals, agents, representatives and/or employees, knew, or should have known, that the Hyster N45ZR2-16.5 forklift would present an unreasonable and foreseeable risk of injury as a result of the Defendant's failure to exercise due care as described aforesaid.

38.    Plaintiff further alleges that Defendants had notice of the defective design and manufacture of its Hyster N45ZR2-16.5 and, in fact, redesigned and changed the manufacturing specifications for the Hyster N45ZR2-16.5, but failed to adequately warn Plaintiff about the dangers associated with the use of the Hyster N45ZR2-16.5 at the time of the sale <u>or</u> issue a recall or retrofit notice after it learned of its defective design and manufacturing defect for the Hyster N45ZR2-16.5.

39.    Despite the fact that Defendants, through its parent company, subsidiaries, successors in interest, principals, agents, representatives and/or employees, knew, or should have known, that the aforesaid product posed an unreasonable and foreseeable risk of injury to those involved in the use and operation of the product, including but not limited to the risk of the

product and/or its component parts causing serious bodily harm, Defendants continued to promote and market their defective product to consumers.

40.     As a direct and proximate result of the negligence and carelessness of Defendants, through its parent company, subsidiaries, successors in interest, principals, agents, representatives and/or employees as aforesaid, Plaintiff sustained severe, grievous and irreparable physical injuries, including but not limited to permanent disfigurement, scarring, deformity and loss of use of his foot; profound and permanent emotional trauma, torment and anguish; has been and will in the future be prevented from engaging in his usual pursuits and occupations; has been and will in the future be caused to expend great sums of money in an effort to seek a cure for his injuries; has been and will in the future be caused to expend great sums of money in an effort to seek a cure for his injuries; has been and will in the future be caused to sustain great economic loss; and has been and will in the future be caused to suffer a loss of enjoyment of life.

**WHEREFORE**, Plaintiff demands judgment in his favor against Defendants, individually, jointly and severally, for damages, together with interest, costs of suit, attorneys' fees and such other relief as the Court may deem just and equitable.

### COUNT THREE
#### (Negligence)

41.     Plaintiff repeats and realleges each and every allegation contained in the Jurisdiction and Venue, General Allegations and Counts One and Two of this Complaint and incorporates same by reference, as though more fully set forth at length herein.

42.     Defendants, through its parent company, subsidiaries, successors in interest, principals, agents, representatives and/or employees, are liable to the Plaintiff pursuant to the doctrine of strict liability in tort.

10

43.    Defendants, through its parent company, subsidiaries, successors in interest, principals, agents, representatives and/or employees, were and are under a duty to supply a product that was reasonably fit, suitable or safe for its intended use, such that it is not unreasonably dangerous and such that it does not cause an unreasonable risk of injury to a reasonably foreseeable user.

44.    Defendants, through its parent company, subsidiaries, successors in interest, principals, agents, representatives and/or employees, failed to meet the obligation of supplying a product that was reasonably fit, suitable or safe for its intended purpose, and which was not unreasonably dangerous, in that it has placed a defective forklift, and its component parts, into the stream of commerce when said product, and its component parts, had been defectively designed, manufactured, assembled, installed, researched, developed, inspected, refurbished, repaired, tested and failed to contain adequate warnings, labels or instructions.

45.    Plaintiff alleges that at all times, the aforesaid product was defective when it left the Defendant's control, and the product was not substantially altered prior to reaching the ultimate user.

46.    Plaintiff further alleges that Defendants had notice of the defective design and manufacture of its Hyster N45ZR2-16.5 and, in fact, redesigned and changed the manufacturing specifications for the Hyster N45ZR2-16.5, but failed to adequately warn Plaintiff about the dangers associated with the use of the Hyster N45ZR2-16.5 at the time of the sale or issue a recall or retrofit notice after it learned of its defective design and manufacturing defect for the Hyster N45ZR2-16.5.

47.    As a direct and proximate result of the negligence and carelessness of Defendants, through its parent company, subsidiaries, successors in interest, principals, agents,

representatives and/or employees, as aforesaid, the subject forklift sustained a failure and/or failed to operate properly and safely.

48.     As a direct and proximate result of the negligence and carelessness of Defendants, through its parent company, subsidiaries, successors in interest, principals, agents, representatives and/or employees, as aforesaid, Plaintiff sustained severe, grievous and irreparable physical injuries, including but not limited to permanent disfigurement, scarring, deformity and loss of use of his foot; propound and permanent emotional trauma, torment and anguish; has been and will in the future be prevented from engaging in his usual pursuits and occupations; has been and will in the future be caused to expend great sums of money in an effort to seek a cure for his injuries; has been and will in the future be caused to sustain great economic loss; and has been and will in the future be caused to suffer a loss of enjoyment of life.

**WHEREFORE**, Plaintiff demands judgment in his favor against Defendants, individually, jointly and severally, for damages, together with interest, costs of suit, attorneys' fees and such other relief as the Court may deem just and equitable.

**COUNT FOUR**
**(Breach of Express and Implied Warranties)**

49.     Plaintiff repeats and realleges each and every allegation contained in the Jurisdiction and Venue, General Allegations and Counts One, Two and Three of this Complaint and incorporates same by reference, as though more fully set forth at length herein.

50.     Defendants, through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, designed, manufactured, assembled, installed, researched, developed, tested, inspected, sold, distributed, marketed the Hyster N45ZR2-16.5 and its component parts which was purchased as original equipment from

Defendant Hyster and/or its parent company and/or its subsidiaries and/or its successors in interest, and which caused permanent injury to Plaintiff herein.

51.     The aforesaid Hyster N45ZR2-16.5, and its component parts were purchased as original and/or refurbished equipment and were expected to reach the ultimate user of same (*i.e.*, the Plaintiff Joseph Lanuto) without a substantial change in condition.

52.     Defendant Polaris Industries, Inc., through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, in designing, manufacturing, assembling, installing, researching, developing, refurbishing, repairing, testing, inspecting, selling, distributing, supplying, marketing and/or promoting, the aforesaid Hyster N45ZR2-16.5 and its component parts which were purchased as original and/or refurbished equipment, expressly warranted that said product and its component parts were not unreasonably dangerous, and instead expressly and impliedly warranted that the Hyster N45ZR2-16.5 and its component parts were of merchantable quality, reasonably fit and safe for their intended and reasonably foreseeable use.

53.     Defendant Polaris Industries, Inc., through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, by its negligence and carelessness as aforesaid, breached said warranties in that the aforesaid Hyster N45ZR2-16.5 and its component parts which were purchased as original equipment, and which caused the Plaintiff's permanent injuries was not of merchantable quality, was not fit for its intended and reasonably foreseeable use, and was unreasonably dangerous in its use in that the product was defectively designed, defectively manufactured, and lacked adequate warnings.

54.     The Plaintiff justifiably relied upon said warranties and representations of the Defendants, through its parent company, subsidiaries, successors in interest, principals,

administrators, agents, employees and/or representatives, that the Hyster N45ZR2-16.5 and its components were reasonably fit for their intended use, to his detriment.

55.     As a direct and proximate result of the conduct of Defendants, through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, the aforesaid Hyster N45ZR2-16.5 sustained a failure or failed to operate properly, thereby causing the Plaintiff to sustain severe and permanent injury, including but not limited to permanent scarring, disfigurement and deformity, as well as psychological and emotional anguish, grief and torment.

56.     As a direct and proximate result of the conduct of Defendants, through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, as aforesaid, Plaintiff was caused to sustain severe and permanent physical, emotional and psychological injury, as more specifically set forth in Count One of the Complaint.

**WHEREFORE,** Plaintiff hereby demands judgment in his favor against Defendants, its parent company, subsidiaries, successors in interest, principals, agents, representatives and/or employees, for damages, together with interest, costs of suit, attorneys' fees and such other relief as the Court may deem just and equitable.

## <u>COUNT FIVE</u>
### (Punitive Damages)

57.     Plaintiffs repeat and reallege each and every allegation contained in the Jurisdiction and Venue, General Allegations and Counts One, Two, Three and Four of this Complaint and incorporates same by reference, as though more fully set forth at length herein.

58.     On September 3, 2020, Plaintiff was a permitted user of the aforesaid Hyster N45ZR2-16.5, which was sold with a defective braking mechanism, and rolled causing Plaintiff's foot to be crushed against a guardrail.

59.     For several years prior to Plaintiff's incident, Defendants were aware, and was on notice of the roll and drift hazard of the Hyster N45ZR2-16.5 and the increased risk of harm to users based on the failure of the vehicle to prevent rolling and drifting.

60.     Despite knowledge and prior notice of the rolling and drifting hazard of the Hyster N45ZR2-16.5, and the increased risk of harm to users based on the failure to include a proper braking mechanism on the forklift, Defendants took no steps to warn consumers of the hazards associated with operating the Hyster N45ZR2-16.5 or issue a notice of recall or retrofit to consumers who purchased the forklift.

61.     The conduct of Defendants in failing to warn consumers or to issue a notice of recall or retrofit was knowing, deliberate, intentional, wanton and willful and accompanied by a wanton disregard for the safety of others.

62.     The conduct of Defendants, as aforesaid, constitutes willful, wanton misconduct and reckless disregard for the safety of others (and in particular, for Plaintiff Joseph Lanuto) thereby warranting the imposition of punitive damages.

63.     As a direct and proximate result of the intentional, malicious, deliberate, knowing, willful, wanton, outrageous and reckless indifference and conscious disregard for the welfare of others (specifically, Plaintiff Joseph Lanuto) of Defendants, Plaintiff was caused to be injured and sustained serious and permanent injuries, was caused great pain and mental anguish, was required to seek medical care and attention in an attempt to cure himself and his injuries; was

required and will in the future be required to seek medical care and attention, and further was and will be prevented from engaging in his usual pursuits and occupations.

**WHEREFORE**, Plaintiff demands judgment in their favor against Defendants for punitive damages, together with interest, costs of suit, attorneys' fees and such other relief as the Court may deem just and equitable.

## COUNT SIX
### (*Damages*)

64.     Plaintiff repeats and realleges each and every allegation contained in the Jurisdiction and Venue, General Allegations and Counts One, Two, Three, Four, and Five of this Complaint and incorporates same by reference, as though more fully set forth at length herein.

65.     At all times pertinent hereto, Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives had a duty to exercise reasonable care to properly research, purchase, inspect and prepare for sale and use Hyster N45ZR2-16.5 forklift that is the subject of this litigation, which was introduced into the stream of commerce, including a duty to ensure that said forklift and its component parts would function properly.

66.     Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, failed to exercise requisite care in the research, purchase, inspection, preparation for sale and use and actual sale of the Hyster N45ZR2-16.5 forklift prior to its introduction into interstate commerce, in that the Defendant knew, or should have known, that the product and its component parts were defective and posed an unreasonable and foreseeable risk of danger to the ultimate users of the Hyster N45ZR2-16.5 forklift.

67.     Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives knew, or in the exercise of reasonable care, should have known, that the aforesaid Polaris Ranger Utility Side by Side 4 x 4 vehicle and its component parts was of such a nature that, if not properly designed, manufactured, assembled, installed, researched, developed, labeled, tested, refurbished, repaired and inspected before distributed and sold, an unreasonable risk injury to the product's user was a foreseeable likelihood.

68.     Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, principals, administrators, agents, employees and/or representatives, was negligent in the research, purchase, inspection, preparation for sale and use and actual sale of aforesaid Hyster N45ZR2-16.5 forklift and its component parts, in that it failed to use due care in the research, purchase, inspection, preparation for sale and use and actual sale of the product so as to prevent the aforementioned unreasonable and foreseeable risk of injury to the ultimate user of the product.

69.     Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, knew, or should have known, that the Hyster N45ZR2-16.5 forklift would present an unreasonable and foreseeable risk of injury as a result of the Defendant's failure to exercise due care as described aforesaid.

70.     Despite the fact that Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, knew, or should have known, that the aforesaid product posed an unreasonable and foreseeable risk of injury to those involved in the use and

operation of the product, including but not limited to the risk of the product and/or its component parts causing serious bodily harm, Defendant continued to promote, market, and sell its defective product to consumers.

71.     As a direct and proximate result of the negligence and carelessness of Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, the aforesaid Hyster N45ZR2-16.5 forklift caused the Plaintiff to suffer severe and permanent physical injuries, including but not limited to permanent scarring, disfigurement and deformity, as well as emotional and psychological anxiety, grief and torment.

72.     As a direct and proximate result of the negligence and carelessness of Defendant ABC Corporation (fictitious defendants 1-10), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, as aforesaid, the Plaintiff was caused to sustain severe and permanent physical injury, including but not limited to permanent scarring, deformity and disfigurement, as well as emotional and psychological anxiety, grief and torment, as more specifically describe in Count One of this Complaint.

**WHEREFORE**, Plaintiff hereby demands judgment in his favor against Defendant ABC Corporation (fictitious defendants 1-20), its parent company, subsidiaries, successors in interest, principals, agents, representatives and/or employees for damages, together with interest, costs of suit, attorneys' fees and such other relief as the Court may deem just and equitable.

## .COUNT SEVEN

73.     Plaintiff hereby repeats and realleges each and every allegation contained in the Jurisdiction and Venue, General Allegations and Counts One, Two, Three, Four, Five, and Six of this Complaint, and incorporates same by reference as though more fully set forth herein.

74.     Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, is strictly liable to Plaintiff.

75.     Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, was and is under a duty to supply a product that is reasonably fit, suitable or safe for its intended use, such that it is not unreasonably dangerous and such that it does not cause injury to a reasonably foreseeable user.

76.     Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives failed to meet the obligation of supplying a product that is reasonably fit, suitable or safe for its intended purpose and which is not unreasonably dangerous, in that it has placed a defective vehicle and its component parts into the stream of commerce when it knew or should have known that said product and its component parts had been defectively designed, manufactured, assembled, installed, researched, developed, inspected, refurbished, repaired, tested and failed to contain adequate warnings, labels or instructions.

77.     Plaintiff alleges that at all times, the aforesaid Hyster N45ZR2-16.5 forklift was defective when it left Defendant ABC Corporation's (fictitious defendants 1-20) custody and control and the product was not substantially altered prior to reaching the ultimate user.

78.     Moreover, the rolling and drifting hazard associated with the use of the Hyster N45ZR2-16.5 was unknowable and unacceptable to the average consumer and, specifically, to Plaintiff Joseph Lanuto.

79.     In addition, because of the risk of harm to human life and safety presented by the use of the Hyster N45ZR2-16.5 outweighed the utility of the particular design employed by Hyster, the forklift was defective in its design at the time Plaintiff was injured on September 3, 2020.

80.     Defendant is strictly liable to Plaintiff on account of its defective design and manufacture of the Hyster N45ZR2-16.5 as well as its failure to adequately warn consumers of the dangers associated with the use of the Hyster N45ZR2-16.5 forklift.

81.     As a direct and proximate result of the conduct of Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, the aforesaid Hyster N45ZR2-16.5 vehicle sustained a failure and/or operated improperly, thereby causing the Plaintiff to suffer severe and permanent injuries, including but not limited to permanent scarring, disfigurement and deformity, as well as emotional and psychological anguish, grief and torment.

82.     As a direct and proximate result of the conduct of Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, as aforesaid, Plaintiff was caused to sustain severe and permanent physical, emotional and psychological injury, as more specifically described in Count One of this Complaint.

**WHEREFORE**, Plaintiff hereby demands judgment in his favor against Defendant ABC Corporation (fictitious defendants 1-20), its parent company, subsidiaries, successors in interest,

principals, agents, representatives and/or employees, for damages, together with interest, costs of suit, attorneys' fees and such other relief as the Court may deem just and equitable.

## **COUNT EIGHT**

83.     Plaintiff hereby repeats and realleges each and every allegation contained in the Jurisdiction and Venue, General Allegations and Counts One, Two, Three, Four, Five, Six, and Seven of this Complaint, and incorporates same by reference as though more fully set forth herein.

84.     Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, is liable to Plaintiff pursuant to the doctrine of strict liability in tort.

85.     Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, was and is under a duty to supply a product that is reasonably fit, suitable or safe for its intended use, such that it is not unreasonably dangerous and such that it does not cause an unreasonable risk of injury to a reasonably foreseeable user.

86.     Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, has failed to meet the obligation of supplying a product that is reasonably fit, suitable or safe for its intended purpose and which is not unreasonably dangerous, in that they have placed the aforesaid Hyster N45ZR2-16.5 forklift into the stream of commerce when it knew or should have known, that said product and its component parts had been defectively designed, manufactured, assembled, installed, researched, developed, refurbished, repaired, tested and inspected, and failed to contain adequate warnings, labels or instructions.

21

87.     Plaintiff alleges that at all times, the aforesaid Hyster N45ZR2-16.5 forklift and its component parts was defective when it left Defendant's control and the product was not substantially altered prior to reaching the ultimate user.

88.     As a direct and proximate result of the negligence and carelessness of Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, the aforesaid Hyster N45ZR2-16.5 forklift and its component parts, sustained a failure and/or failed to operate properly, thereby causing the Plaintiff to suffer severe and permanent injuries, including but not limited to permanent scarring, disfigurement and deformity.

89.     As a direct and proximate result of the negligence and carelessness of Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, as aforesaid, Plaintiff was caused to sustain severe and permanent physical, emotional and psychological injury, as more specifically described in Count One of this Complaint.

**WHEREFORE**, Plaintiff demands judgment in his favor against Defendant ABC Corporation (fictitious defendants 1-20), its parent company, subsidiaries, successors in interest, principals, agents, representatives and/or employees, for damages, together with interest, costs of suit, attorneys' fees and such other relief as the Court may deem just and equitable.

## COUNT NINE

90.     Plaintiff hereby repeats and realleges each and every allegation contained in the Jurisdiction and Venue, General Allegations and Counts One, Two, Three, Four, Five, Six, Seven, and Eight of this Complaint, and incorporates same by reference as though more fully set forth herein.

91.     Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, was responsible for the research, purchase, inspection, preparation for sale and use and actual sale of the Hyster N45ZR2-16.5 vehicle and its component parts which was purchased as original equipment from Defendant ABC Corporations (fictitious defendants 1-20) and/or its parent company and/or its subsidiaries and/or its successors in interest, and which caused the permanent injury to Plaintiff herein.

92.     The aforesaid Hyster N45ZR2-16.5 forklift, and its component parts were purchased as original and/or refurbished equipment and were expected to, reach the ultimate user of same (*i.e*., Plaintiff Joseph Lanuto) without a substantial change in condition.

93.     Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, in researching, purchasing, inspecting, preparing for sale and use and actual selling the aforesaid Hyster N45ZR2-16.5 forklift and its component parts which were purchased as original and/or refurbished equipment, expressly and impliedly warranted that said product and its component parts were not unreasonably dangerous, and instead expressly and impliedly warranted that the Hyster N45ZR2-16.5 forklift and its component parts were of merchantable quality, reasonably fit and safe for their intended and reasonably foreseeable use.

94.     Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, by its negligence and carelessness as aforesaid, breached said warranties in that the aforesaid Hyster N45ZR2-16.5 forklift and its component parts which were purchased as original equipment, and which caused the Plaintiff's permanent injuries was not of

merchantable quality, was not fit for its intended and reasonably foreseeable use, and was unreasonably dangerous in its use.

95.     The Plaintiff justifiably relied upon said warranties and representations of the Defendant ABC Corporation (fictitious defendants 1-20) through its parent company, subsidiaries, successors in interests, principals, administrators, agents, employees and/or representatives, that the Hyster N45ZR2-16.5 forklift and its component parts were reasonably fit for their intended use, to his detriment.

96.     As a direct and proximate result of the negligence and carelessness of Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, the aforesaid Hyster N45ZR2-16.5 forklift sustained a failure or failed to operate properly, thereby causing the Plaintiff to sustain severe and permanent injury, including but not limited to permanent scarring, disfigurement and deformity, as well as psychological and emotional anguish, grief and torment.

97.     As a direct and proximate result of the negligence and carelessness of Defendant ABC Corporation (fictitious defendants 1-20), through its parent company, subsidiaries, successors in interest, principals, administrators, agents, employees and/or representatives, as aforesaid, Plaintiff was caused to sustain severe and permanent physical, emotional and psychological injury, as more specifically set forth in Count One of this Complaint.

**WHEREFORE**, Plaintiff hereby demands judgment in his favor against Defendant ABC Corporation (fictitious defendants 1-20), its parent company, subsidiaries, successors in interest, principals, agents, representatives and/or employees, for damages, together with interest, costs of suit, attorneys' fees and such other relief as the Court may deem just and reasonable.

## COUNT TEN

98.     Plaintiff repeats and realleges each and every allegation contained in the Jurisdiction and Venue, General Allegations and Counts One, Two, Three, Four, Five, Six, Seven, Eight, and Nine of this Complaint and incorporates same by reference, as though more fully set forth at length herein.

99.     On September 3, 2020, Plaintiff was a permitted user of the aforesaid Hyster N45ZR2-16.5, which was sold with a defective braking mechanism, and rolled causing Plaintiff's foot to be crushed against a guardrail.

100.     For several years prior to Plaintiff's incident, Defendant ABC Corporation (fictitious defendants 1-20) was aware, and was on notice of the roll and drift hazard of the Hyster N45ZR2-16.5 and the increased risk of harm to users based on the failure of the vehicle to prevent rolling and drifting.

101.     Despite knowledge and prior notice of the rolling and drifting hazard of the Hyster N45ZR2-16.5, and the increased risk of harm to users based on the failure to include a proper braking mechanism on the forklift, Defendants took no steps to warn consumers of the hazards associated with operating the Hyster N45ZR2-16.5 or issue a notice of recall or retrofit to consumers who purchased the forklift.

102.     The conduct of Defendant ABC Corporation (fictitious defendants 1-20) in failing to warn consumers or to issue a notice of recall or retrofit was knowing, deliberate, intentional, wanton and willful and accompanied by a wanton disregard for the safety of others.

103.     The conduct of Defendant ABC Corporation (fictitious defendants 1-20), as aforesaid, constitutes willful, wanton misconduct and reckless disregard for the safety of others (and in particular, for Plaintiff Joseph Lanuto) thereby warranting the imposition of punitive damages.

25

104.    As a direct and proximate result of the intentional, malicious, deliberate, knowing, willful, wanton, outrageous and reckless indifference and conscious disregard for the welfare of others (specifically, Plaintiff Joseph Lanuto) of Defendant ABC Corporation (fictitious defendants 1-20), Plaintiff was caused to be injured and sustained serious and permanent injuries, was caused great pain and mental anguish, was required to seek medical care and attention in an attempt to cure himself and his injuries; was required and will in the future be required to seek medical care and attention, and further was and will be prevented from engaging in his usual pursuits and occupations.

**WHEREFORE**, Plaintiff demands judgment in his favor against Defendant ABC Corporation (fictitious defendants 1-20) for punitive damages, together with interest, costs of suit, attorneys' fees and such other relief as the Court may deem just and equitable.

### JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

**LOCKS LAW FIRM**

By _____

**NICHOLAS C. SARELAKOS, ESQ. (PA312905)**
**MICHAEL B. LEH, ESQ. (PA42962)**
Attorneys for Plaintiff Joseph Lanuto

Dated:  September 2, 2022

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

LOCKS LAW FIRM

By _____

**NICHOLAS C. SARELAKOS, ESQ. (PA312905)**
**MICHAEL B. LEH, ESQ. (PA42962)**
Attorneys for Plaintiff Joseph Lanuto

Dated:  September 2, 2022